IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03349-REB-MEH

FUJIKO OSHIMA, individually,
DENIS DUPEYRON, individually and collectively as Next Friends of
LENA DUPEYRON, a minor and
TOMI DUPEYRON, a minor,

      Plaintiffs,

v.

KIA MOTORS CORPORATION,
KIA MOTORS AMERICA, INC.,
HYUNDAI-KIA AMERICA TECHNICAL CENTER, INC.,
HYUNDAI-KIA AMERICA TECHNICAL CENTER, INC. (L.A. DESIGN STUDIO), and
GRAND AUTO, INC., d/b/a GRAND BUICK KIA GMC,

      Defendants.

---

## PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

The defendants expect to produce to the plaintiffs certain information they believe may or does contain confidential and trade secret information. To the extent their belief is accurate, they desire appropriate protection as provided for under the rules. The plaintiffs have not seen the information yet, but are willing to cooperate to reach a compromise. This agreement is the result of the parties working together to reach that compromise. Based on the parties' agreement, the Court finds good cause for a protective order to protect the information and documents designated by the defendants' as confidential information and trade secrets.

Accordingly, it is ORDERED that the following procedure shall govern the production, use and disposal of the defendants' confidential documents and information.

1.     Designation of Confidential Production Items and Information. The defendants shall mark

any production items that they, in good faith, believe to contain confidential information and/or trade secrets as "confidential" or "protected by court order."  The documents so marked and the information contained in them ("Confidential Production Items and Information") shall only be used, shown and disclosed as provided in this order.

2(a).    Access to Confidential Production Items and Information by Counsel and the Parties. Confidential Production Items and Information shall be made available only to "Qualified Persons." The term "Qualified Persons" means the Court and its officers, the parties, their counsel and those paralegals, stenographic and clerical employees assisting such counsel who have read the provisions of this order and have agreed to be bound by it.  There is presently a dispute regarding sharing confidential information with attorneys involved in other litigation with the Kia defendants. Although the parties have agreed that sharing with other attorneys is appropriate, the precise process for doing that is presently in dispute.  The parties are trying to resolve that dispute, but pending resolution, either by agreement or court intervention, the parties have agreed that no other person shall have access to confidential production items or information without the advance written approval of the defendants or future order of this Court.  The Kia defendants will file a motion addressing this dispute promptly.  No person who gains access to confidential production items or information may disclose their contents or information contained in them to any other non-qualified person without the prior written approval of the defendants or the Court.

2(b).    Access to Confidential Production Items and Information by Experts or Consultants. Independent experts and/or consultants (i.e., non-testifying experts or consultants) retained by the plaintiffs may be included as "Qualified Persons" if they certify that they have read this protective order and agree to be bound by its terms and conditions.  An executed original of that certification shall be obtained by the plaintiffs' counsel before such persons are given access to confidential

documents.  All such certifications shall be maintained by the plaintiffs' counsel until such time as this action has been concluded and all confidential documents and information are destroyed or returned to counsel for the defendants.  The plaintiffs shall maintain a list of all persons, firms or organizations who have received Confidential Production Items and Information, including any expert consultants not designated as expert witnesses by the plaintiffs, and will provide the list to the Court upon Order of the Court.  A form of certification is attached as Exhibit "A."

3.      Challenges to Claims of Confidentiality.  A party may object to the designation of particular Confidential Production Items and Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty (20) days after the time the notice is received, or such other time that the parties agree or the Court orders, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

4.      Use of Confidential Production Items and Information Generally.  Confidential Production Items and Information may be used solely for the purpose of this lawsuit and for no other purpose, except as provided in Paragraph 2 of this Order.

5.     Use of Confidential Production Items and Information In This Lawsuit.  If Confidential Production Items and Information are used in depositions, all portions of the transcript of such depositions pertaining to the Confidential Production Items and Information, and any exhibits referring or relating to Confidential Production Items or Information, shall themselves be considered Confidential Production Items and Information.  The use or introduction of Confidential Production Items and Information as exhibits at deposition shall not itself constitute a waiver of their confidential status, and such documents and information shall continue to be subject to the protections afforded by this order.  However, the party seeking to protect the Confidential Production Items and Information at deposition shall request that the court reporter binds the confidential portions of the transcript and exhibits separately and labels them "confidential."  In addition, the deponent is deemed to be ordered that, pursuant to this protective order, he or she may not divulge any such Confidential Production Items and Information except to Qualified Persons.

6.     Filing and Sealing.  Confidential Production Items and Information, including confidential portions of any transcript, filed with the Court shall be filed in sealed envelopes or other appropriately sealed containers that shall be endorsed with the title of this action and a statement substantially in the following form:

"Filed Under Seal Pursuant to Protective Order"

 The envelope or container shall not be opened or released to anyone other than qualified persons without further order of the Court.  The Clerk of the Court shall maintain such confidential documents and information in a separate portion of the court files not available to the public.

7.     Use of Confidential Production Items and Information at Trial.  The defendants may seek to extend the protection of Confidential Production Items and Information to trial proceedings by stipulation with the plaintiffs or by motion.

4

8.    Return at the Conclusion of this Action.  Within 30 days after this action is concluded, the plaintiffs' counsel shall destroy all Confidential Production Items and Information, and all copies of them, or return them to defendants' counsel.  All notes, digests, summaries, extracts, translations and partial translations derived from such Confidential Production Items and Information shall be destroyed or returned by the plaintiffs at the conclusion of this Action.  If any Confidential Production Items and Information are furnished to any expert, to any other Qualified Person or to any other attorneys, the plaintiffs' counsel shall ensure that all Confidential Production Items and Information, and all copies of them, in the possession of such persons are returned to counsel for the defendants or destroyed within the same time period, and the plaintiffs' counsel shall certify that they have done so in writing and under penalty of perjury.  The provisions of this paragraph shall not apply to documents or portions of documents that comprise notes, analysis, mental impressions or strategy of the plaintiffs' counsel with respect to the documents produced.  In particular, the term "summaries" shall not include work product or attorney analysis of the documents produced.  The plaintiffs are permitted to retain a list of the documents by bates number that are produced by the companies under this protective order.

9.    Amendments.  Nothing in this order will prejudice any party from seeking amendments broadening or restricting the rights of access to and the use of confidential documents and information, or contesting the designation of a confidential document or qualified person.

10.    Jurisdiction:   Any party seeking to enforce this Order or claiming a breach thereof may move at a noticed hearing for contempt or for appropriate sanctions.  The Court may award attorneys fees and costs to the prevailing party on the motion.

Dated and entered at Denver, Colorado, this 2nd day of April, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge