**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No.  11-cv-03349-REB-MEH

FUJIKO OSHIMA, individually,
DENIS DUPEYRON, individually and, collectively as Next Friends of
LENA DUPEYRON, a minor and
TOMI DUPEYRON, a minor,

       Plaintiffs,

v.

KIA MOTORS CORPORATION;
KIA MOTORS AMERICA, INC.;
HYUNDAI-KIA AMERICA TECHNICAL CENTER, INC.;
HYUNDAI-KIA AMERICA TECHNICAL CENTER, INC. (L.A. DESIGN STUDIO); and
GRAND AUTO, INC., d/b/a GRAND BUICK KIA GMC,

       Defendants.

---

**ORDER DENYING MOTION TO REMAND AND**
**GRANTING DEFENDANT GRAND AUTO INC.'S MOTION TO DISMISS**

---

**Blackburn, J.**

The matters before me are (1) **Plaintiffs' Motion To Remand and Supporting Memorandum** [#17][1] filed January 20, 2012; and (2) **Defendant Grand Auto Inc.'s Motion To Dismiss Pursuant to Rule 12(b)(6) and Brief in Support** [#12] filed December 28, 2011.  I deny the motion to remand, finding that the non-diverse defendant was fraudulently joined, and grant the motion to dismiss plaintiffs' claims against that defendant.

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

## I.  JURISDICTION

I putatively have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II.  STANDARD OF REVIEW

Because plaintiffs' motion to remand implicates issues of the court's jurisdiction, I address it first.  *See Davoll v. Webb*, 194 F.3d 1116, 1128 (10th Cir. 1999).  To prove that the non-diverse defendant was fraudulently joined in order to defeat federal jurisdiction, as asserted in the notice of removal, defendants must show either that there is no possibility that plaintiffs will be able to establish a cause of action against the non-diverse defendant or outright fraud in the pleading of jurisdictional facts.  *Hale v. MasterSoft International Pty., Ltd.*, 93 F.Supp.2d 1108, 1113 (D. Colo. 2000); *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F.Supp. 1399, 1404 (D. Colo. 1989).  Of these two bases for finding fraudulent joinder, defendants' motion to remand addresses only the former; I thus do not consider the latter.

The burden of proving fraudulent joinder is extremely heavy.  *Hale*, 93 F.Supp.2d at 1113; *Board of County Commissioners of County of Mesa v. Atlantic Fidelity, Inc.*, 930 F.Supp. 499, 500 (D. Colo. 1996).  The removing party must "prove the non-liability of the [non-diverse] defendant as a matter of fact or law."  *Blackwood v. Thomas*, 855 F.Supp. 1205, 1207 (D. Colo. 1994).  "If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court."  *Frontier Airlines*, 758 F.Supp. at 1404.

2

The court may look to evidence outside the pleadings in making this

determination, although it should not conduct a full-scale evidentiary hearing.  *Hale*, 93

F.Supp.2d at 1113; *Blackwood*, 855 F.Supp. at 1207.  Rather, the court must view the

facts in the light most favorable to the non-removing party and resolve all disputed

questions of fact and uncertain legal issues in its favor.  *Frontier Airlines*, 758 F.Supp.

at 1405.

In resolving the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court's

task is to determine whether the allegations of the complaint are sufficient to state a

claim within the meaning of Fed. R. Civ. P. 8(a).  For many years, "courts followed the

axiom that dismissal is only appropriate where 'it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief.'"

*Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  Noting

that this standard "has been questioned, criticized, and explained away long enough,"

the Supreme Court supplanted it in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

562, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).  Pursuant to the dictates of

*Twombly*, courts now review the complaint to determine whether it "'contains enough

facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C.

v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at

1974).  "This pleading requirement serves two purposes:  to ensure that a defendant is

placed on notice of his or her alleged misconduct sufficient to prepare an appropriate

defense, and to avoid ginning up the costly machinery associated with our civil

3

discovery regime on the basis of a largely groundless claim." ***Kansas Penn Gaming***, 656 F.3d at 1215 (citation and internal quotation marks omitted).

As previously, I must accept all well-pleaded factual allegations of the complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). Contrastingly, mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not be sufficient to defeat a motion to dismiss. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations and internal quotation marks omitted). ***See also Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (quoting ***Twombly***, 127 S.Ct. at 1974) (internal citations and footnote omitted).  Moreover, to meet the plausibility standard, the complaint must suggest "more than a sheer possibility that a defendant has acted unlawfully." ***Iqbal***, 129 S.Ct. at 1949. ***See also Ridge at Red Hawk***, 493 F.3d at 1177 ("[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.") (emphases in original).  For this reason, the complaint must allege facts sufficient to "raise a right to relief above the speculative level." ***Kansas Penn Gaming***, 656 F.3d at 1214 (quoting ***Twombly***, 127 S.Ct. at 1965).  The standard will not be met where the allegations of the complaint are "so general that they encompass a wide swath of conduct, much of it innocent." ***Robbins***,

4

519 F.3d at 1248.  Instead "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

The nature and specificity of the allegations required to state a plausible claim will vary based on context and will "require[] the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950; *see also Kansas Penn Gaming*, 656 F.3d at 1215.  Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

## III.  ANALYSIS

This case involves allegations of negligence and strict products liability in connection with a rollover automobile crash.  Plaintiffs – husband and wife and their two minor children – were driving their 2008 Kia Rondo through Idaho en route to their second home in Washington state.  Plaintiff Fujiko Oshima, who was driving at the time, made "an evasive maneuver in order to avoid a potential crash," causing a rollover.  As a result of the accident Ms. Oshima, plaintiff Denis Dupeyron, and their minor son, Tomi Dupeyron, suffered severe physical injuries, and all plaintiffs allegedly suffered emotional and psychological injuries.

Plaintiffs allege that the car was defective as designed and manufactured because it had a propensity to roll over during normal driving conditions, including such evasive maneuvers as allegedly were employed by Ms. Oshima.  Plaintiffs claim that

the car was not crashworthy insofar as the roof of the vehicle was not designed to maintain structural integrity and the doors, seat belts, and safety glass were not designed to protect the occupants of the car in the event of a rollover.  They have alleged causes of action for negligence and strict products liability against all defendants, including, most relevantly for present purposes, the dealership, defendant Grand Auto, Inc. ("Grand Auto"), from which they bought the car.

Defendants timely removed this action from state court, alleging that Grand Auto, the only non-diverse defendant, had been fraudulently joined in order to defeat federal diversity jurisdiction.  Subsequently, Grand Auto filed its motion to dismiss the claims against it, asserting that Colorado's innocent seller statute precluded its liability on the facts alleged in the complaint.

Before reaching the substantive issues implicated by these motions, it is necessary to resolve the conflict of laws question presented.  A federal court exercising diversity jurisdiction applies the choice of law rules of the forum state.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).  Colorado court's apply the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws.  Under that test, the court considers and weighs the following relevant contacts:

> (1) the place where the injury occurred;
>
> (2) the place where the conduct causing the injury occurred;
>
> (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

(4) the place where the relationship, if any,
between the parties is centered.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145; *see also Morgan v. United Air*

*Lines, Inc.*, 750 F.Supp. 1046, 1054-55 (D. Colo. 1990).

Plaintiffs insist that Idaho, as the locus of their injuries, has the most significant

relationship to this case.  In general, "in personal injury and wrongful death actions, . . .

the law of the state of injury should apply unless some other state has a more significant

relationship to the litigation." *Morgan*, 750 F.Supp. at 1055 (citation and internal

quotation marks omitted).  *See also Boone v. MVM, Inc.*, 572 F.3d 809, 812 & n.1 (10th

Cir. 2009); *Lewis-DeBoer v. Mooney Aircraft Corp.*, 728 F.Supp. 642, 644 (D. Colo.

1990) (citing *Kozoway v. Massey-Ferguson, Inc.*, 722 F.Supp. 641, 643 (D. Colo.

1989)).  However, this factor is less significant where the location of the injury is merely

fortuitous.  RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145, cmt. e; *Elvig v.*

*Nintendo of America, Inc.*, 696 F.Supp.2d 1207, 1210-11 (D. Colo. 2010).

> The doctrine of fortuitous injury is most commonly applied in
> product liability cases involving vehicles (or components
> thereof) that can be expected to travel freely – and to fail,
> causing injury – in jurisdictions that otherwise have no
> particular connection to the parties other than mere
> happenstance.  Where a product causes injury to a victim
> while that victim is traveling in a jurisdiction away from his
> state of residence, the locus of injury in that particular state
> might be said to be fortuitous; by contrast, an injury that
> occurs in the state where the victim resides and where he
> purchased and used the product is not fortuitous.

*Elvig*, 696 F.Supp.2d at 1211 (internal citations omitted).  Nevertheless, plaintiffs insist

that the location of their injuries was not fortuitous because they traveled the same route

between their primary residence in Colorado and their second home in Washington

state "routinely." (*See* Plf. Motion App., Exh. 1 ¶ 4 at 2.)

Aside from the fact that plaintiffs have failed to provide any detail as to how "routinely" they traveled this particular stretch of highway, I am not convinced that the routine nature *vel non* of their travel plans makes the location of the injury any less fortuitous.  Idaho was not plaintiffs' ultimate destination; their only connection to the state was as a pass-through on their way to points west.  Nor have they alleged that there was anything singular or unique about this particular portion of their route, however routinely traveled, that made it more likely that a rollover (or any other type of accident) might occur in Idaho as opposed to elsewhere in their trip.  The alleged negligence and failure to remedy product defects that form the basis of plaintiffs' claims in this lawsuit could have manifested anywhere plaintiffs happened to be driving.  *See Fanning v. Dianon Systems, Inc.*, 2006 WL 2385210 at *3 (D. Colo. Aug. 16, 2006). In short, "[t]his is a classic case in which the location of the resulting physical injury 'bears little relation to the occurrence and the parties with respect to the particular issue.'" *Id.* (quoting Restatement (Second) of Conflict of Laws § 145, cmt. e).

Moreover, as to the other factors relevant to the determination of the forum with the most significant relationship, Colorado clearly predominates, at least with respect to plaintiffs' claims against Grand Auto.  Plaintiffs are residents of Broomfield, Colorado. Any long-term effects of their injuries will be felt primarily in this state.  Defendant Grand Auto sold the subject vehicle to plaintiffs from its regular place of business in Adams County, Colorado.  Any conduct of Grand Auto that may have contributed to plaintiffs' injuries must have occurred in Colorado, where it sold the car to plaintiffs.  The

operative relationship between plaintiffs and Grand Auto, including any alleged

knowledge of defects on the part of Grand Auto, thus plainly was located in this state.

Accordingly, I find and conclude that Colorado has the most significant relationship to

this case and therefore that the law of this state should govern resolution of plaintiffs'

claims.

Product liability actions in Colorado are subject to the provisions and limitations

of §§13-21-401 – 13-21-406, C.R.S.  A "product liability action" includes

> any action brought against a manufacturer or seller of a
> product, *regardless of the substantive legal theory or
> theories upon which the action is brought*, for or on account
> of personal injury . . . caused by or resulting from the
> manufacture, construction, design, . . . or sale of any product
> . . .

§13-21-401(2), C.R.S. (emphasis added).  Thus, both plaintiffs' negligence and their

strict product liability claims are subject to the statutes.  ***See Bullock ex rel. Bullock v.***

***Daimler Trucks North American, LLC***, 2010 WL 1380724 at *2 (D. Colo. March 30,

2010) (noting 2003 amendment to innocent seller provision removing language limiting

reach of statute to claims based solely on theories of strict product liability).

Moreover, Colorado's product liability laws apply only to a "manufacturer," that is,

"a person or entity who designs, assembles, fabricates, produces, constructs, or

otherwise prepares a product or a component part of a product prior to the sale of the

product to a user or consumer." §13-21-401(1), C.R.S.  Accordingly, and pursuant to

Colorado's so-called "innocent seller" provision,

> [n]o product liability action shall be commenced or
> maintained against any seller of a product unless said seller
> is also the manufacturer of said product or the manufacturer

9

of the part thereof giving rise to the product liability action.

§13-21-402(1), C.R.S.  However, an exception is recognized, and a seller may be

considered a "manufacturer," if it "has actual knowledge of a defect in a product." §13-

21-401(1), C.R.S. [2]

Plaintiffs maintain that their complaint is sufficient to state a claim against Grand

Auto under this exception.  The pertinent portion of the complaint alleges as follows:

> 25. Specifically, the Kia Defendants were aware that this
> type of vehicle was more prone to rolling over than other
> types of family cars, and that the Rondo was prone to rolling
> over in situations similar to that at issue in this case. The
> defendants were likewise aware of the high probability of
> serious injury or death to the occupants in crashes of this
> nature, particularly when the roof, doors, and safety belts fail
> to operate in a safe manner, as was the case here.

(**Plfs. Original Complaint** ¶ 25 at 6 [#2], filed December 21, 2011 (footnote omitted).)

Plaintiffs' reference to the "Kia Defendants" refers to all defendants, including Grand

Auto, collectively.  (**See id.** at 6 n.1.)

There are at least two problems with plaintiffs' pleading.  First, global references

to "defendants" collectively, such as those in plaintiffs' complaint, are insufficient to

provide the fair notice required by Fed. R. Civ. P. 8(a).  Instead, "the burden rests on the

plaintiffs to provide fair notice of the grounds for the claims made against *each* of the

defendants."  **Robbins**, 519 F.3d at 1250 (emphasis added).  As in **Robbins**, plaintiffs'

complaint

> fails to isolate the allegedly [actionable] acts of each
> defendant, and thereby does not provide adequate notice as

---

[2]  The statute includes other exceptions that make a seller potentially liable as a manufacturer.
None of these are alleged to be relevant in this case, however.

10

> to the nature of the claims against each. . . .  Given the
> complaint's use of either the collective term "Defendants". . .,
> it is impossible for any of these individuals to ascertain what
> particular [] acts they are alleged to have committed.

*Id.*[3]  Particularly with respect to Grand Auto, whose sole alleged involvement was the sale of the car, more detail than this is required to provide a defendant with fair notice of what it is claimed to have done.[4]

Second, and even more relevantly, plaintiffs' complaint fails to allege facts sufficient to "'raise a right to relief above the speculative level.'"  *Kansas Penn Gaming*, 656 F.3d at 1214.  Reading plaintiffs' allegations as applicable specifically to Grand Auto, they contend that Grand Auto "was aware that this type of vehicle was more prone to rolling over than other types of family cars," particularly "in situations similar to that at issue in this case."  (**Plfs. Original Complaint** ¶ 25 at 6.)  Aside from the fact that these allegations are "so general that they encompass a wide swath of conduct, much of it innocent," *Robbins*, 519 F.3d at 1248, it is not necessarily a defect for a car to roll over when the driver over-corrects in a skid:

> [T]he fact that under certain circumstances an accident may
> occur in connection with the use of a product does not
> necessarily make the product defective and unreasonably
> dangerous.  The critical question is whether the
> manufacturer has created an unreasonable risk of increasing
> the harm in the event of a collision.

*Kern v. General Motors Corp.*, 724 P.2d 1365, 1367 (Colo. App. 1986).  *See also*

---

[3]  Although *Robbins* was decided within the particular context of section 1983 claims, I find its rationale no less compelling in any case where a plaintiff attempts to paint multiple defendants with the same, overly wide brush.

[4]  Similarly, the other potentially operative allegations of the complaint are little more than bare legal conclusions devoid of factual support.  (*See* **Plfs. Original Complaint** ¶ ¶30 at 7 & 35 at 8-9.)

*Davis v. Caterpillar Tractor Co.*, 719 P.2d 324, 328-29 (Colo. App. 1985) (manufacturer under no duty to warn of objective dangers unconnected to defects in product).  A manufacturer is not an insurer of its products and can only be held liable for producing a product that presents an unreasonable risk of harm.  *Kern*, 724 P.2d at 1367.  Plaintiffs' complaint fails to allege facts that show that Grand Auto was aware of such a risk in connection with the car sold to plaintiffs.

Nor does plaintiffs' additional allegation that Grand Auto was "aware of the high probability of serious injury or death to the occupants in crashes of this nature, particularly when the roof, doors, and safety belts fail to operate in a safe manner, as was the case here" save their claims.  An awareness that injuries may occur in a rollover accident is not only unremarkable, it is insufficient to state a claim where the complaint alleges merely that the car's roof, doors, or safety belts failed.  What is not alleged here is that any of these components of the car failed *because* they were defective, i.e., presented an unreasonable risk of harm to others.  *Id.*

Indeed, at best, the complaint alleges that the car was not crashworthy.  *See Camacho v. Hondo Motor Co., Ltd.*, 741 P.2d 1240, 1242-43 (Colo. 1987) (noting applicability of crashworthiness doctrine in Colorado, under which " motor vehicle manufacturer may be liable in negligence or strict liability for injuries sustained in a motor vehicle accident where a manufacturing or design defect, though not the cause of the accident, caused or enhanced the injuries"), *cert. dismissed*, 108 S.Ct. 1067 (1988).  What it does not allege, however, is that Grand Auto was aware of any particular defect that rendered the vehicle not crashworthy.

12

Absent such an allegation, the complaint runs afoul of the innocent seller exception.  Plaintiffs cannot assert a viable products liability claim against Grand Auto for merely selling an allegedly defective car.  As such, Grand Auto was fraudulently joined and should be dismissed from this lawsuit, which was properly removed as arising under the federal court's complete diversity jurisdiction.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Plaintiffs' Motion To Remand and Supporting Memorandum** [#17] filed January 20, 2012, is **DENIED**;

2.  That **Defendant Grand Auto Inc.'s Motion To Dismiss Pursuant to Rule 12(b)(6) and Brief in Support** [#12] filed December 28, 2011, is **GRANTED**;

3.  That plaintiffs' claims against defendant Grand Auto, d/b/a Grand Buick Kia GMC, are **DISMISSED WITHOUT PREJUDICE**; and

4.  That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendant, Grand Auto, d/b/a Grand Buick Kia GMC, against plaintiffs, Fujiko Oshima, individually, Denis Dupeyron, individually and collectively as Next Friends, Lena Dupeyron, a minor, and Tomi, Dupeyron, a minor, on plaintiffs' claims of negligence and strict product liability asserted in this action; provided, that the judgment as to these claims shall be without prejudice.

Dated May 4, 2012, at Denver, Colorado.

BY THE COURT:

Bob Blackburn

Robert E. Blackburn
United States District Judge