IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-03349-REB-MEH

FUJIKO OSHIMA, individually,
DENIS DUPEYRON, individually and, collectively
as Next Friends of
LENA DUPEYRON, a minor and
TOMI DUPEYRON, a minor,

       Plaintiffs,

v.

KIA MOTORS CORPORATION;
KIA MOTORS AMERICA, INC.;
HYUNDAI-KIA AMERICA TECHNICAL CENTER, INC.
HYUNDAI-KIA AMERICA TECHNICAL CENTER, INC.
(L.A. DESIGN STUDIO),

       Defendants.

---

**UNOPPOSED PETITION FOR COURT APPROVAL OF SETTLEMENT OF MINORS' PERSONAL INJURY CLAIM**

---

KIA MOTORS CORPORATION, KIA MOTORS AMERICA, INC. and HYUNDAI AMERICA TECHNICAL CENTER, INC. petition the Court pursuant to Rule 16 of the Colorado Rules of Probate Procedure to find the settlement in the minors' best interest and to grant Court approval of the settlement, as follows:

(1) <u>Facts</u>

    1.    The minors' names are Lena Dupeyron and Tomi Dupeyron. They reside with their mother Fujiko Oshima and father Denis Dupeyron at 1105 Bellaire Street, Broomfield, Colorado.

2.   Tomi Dupeyron's birthday is REDACTED     Lena Dupeyron's birthday is REDACTED

3.   Ms. Oshima and Mr. Dupeyron brought this suit as the next friends of Tomi and Lena Dupeyron. No other fiduciaries have been appointed on behalf of Tomi and Lena Dupeyron.

4.   On June 27, 2010, the plaintiffs were involved in a single-vehicle rollover crash of a 2008 Kia Rondo. Ms. Oshima was driving. Mr. Dupeyron was the front seat passenger. Tomi and Lena Dupeyron were seated in the back seat.

5.   Ms. Oshima and Mr. Dupeyron were injured. They brought this suit both individually and in their capacity as the next friend of their two children.

6.   Tomi Dupeyron sustained superficial injuries in the crash. Lena Dupeyron did not sustain any physical injuries in the crash.

(2) Liability and Defenses

7.   The plaintiffs brought suit against Kia Motors Corporation, Kia Motors America, Inc. and Hyundai America Technical Center, Inc. These entities were involved in the design, testing, manufacture and distribution of the subject vehicle. The complaint alleges claims for negligence and product liability. Specifically, the plaintiffs claimed that the 2008 Kia Rondo was prone to rolling over and that it was not crashworthy.

8.   The defendants asserted a number of defenses to this claim. Their affirmative defenses were asserted in their answers, which are incorporated by reference. (Doc. Nos. 3, 9 and 29.)   In addition, the defendants maintained that the

2

subject vehicle was safe and well-designed, and that the injuries to the plaintiffs were caused solely by Ms. Oshima falling asleep and driving off of the road.

9. Although the defendants denied liability in the underlying complaint, they have agreed to resolve all claims, including any claims of the two minors, arising from the subject incident. Ms. Oshima and Mr. Dupeyron have agreed to settle their individual claims, and have further agreed, as parents and next friend of Lena and Tomi Dupeyron, to settle their children's claims arising from the subject incident.

### (3) Damages

10. The claims of Tomi and Lena Dupeyron are for any injuries sustained in the crash. However, any injuries were minimal and the children are not receiving any ongoing treatment for them.

11. The crash occurred during the summer break. Tomi and Lena Dupeyron did not miss any time from school as a result of the crash.

12. Tomi Dupeyron's medical expenses were $3,806.15. Lena Dupeyron incurred no medical expenses.

13. Neither Tomi nor Lena Dupeyron lost any work-related income.

14. No property owned by Tomi or Lena Dupeyron was damaged in the crash.

15. The medical expenses incurred by Tomi Dupeyron were paid by his health insurer and his parents.

### (4) Medical Status

16. Both Tomi and Lena Dupeyron have made full recoveries from any injuries sustained in the crash. No further treatment is anticipated. Copies of any relevant medical records relating to these injuries will be provided at the hearing for this matter.

### (5) Status of Claims

17. This action is the only action that has been filed on behalf of Tomi and Lena Dupeyron with regard to the June 2010 crash.

18. No other parties have any subrogation rights to the claims of Tomi and Lena Dupeyron. There are liens with regard to the medical expenses incurred by their mother, but the defendants are aware of no liens related to medical expenses incurred by Tomi or Lena.

### (6) Proposed Settlement and Proposed Disposition of Settlement Proceeds

19. The terms of the settlement are confidential and will be submitted for the Court's review at any hearing of this matter.

20. The plaintiffs' counsel will present the court costs, legal expenses and attorneys' fees incurred at any hearing of this matter.

21. Because the minors suffered minor if any injuries and they are residing with both parents, the parties believe there is no need for the appointment of a fiduciary or continued court supervision.

### (7) Attachments

22. Relevant medical records relating to Lena and Tomi's injuries from the subject crash (to be presented at any hearing for this matter).

23. Confidential Settlement Agreement and Release (to be presented at any hearing of this matter).

FOR THE FOREGOING REASONS, Petitioner requests that the Court set a time and place of hearing, that after notice and hearing the Court find that the proposed settlement of the personal injury claim is in the best interests of the minors, Lena and Tomi Dupreyon, and that the Court authorize the acceptance of the settlement amount in full settlement of their personal injury claim against the defendants.

<u>CERTIFICATE PURSUANT TO D.C. COLO. L. CIV. R. 7.1</u>

The parties agree that the relief sought in this petition should be granted.

                              KIA MOTORS AMERICA, INC,
                              HYUNDAI AMERICA TECHNICAL CENTER,
                              INC., and KIA MOTORS CORPORATION

                              By Counsel

/s/ Elizabeth K. Shoenfeld
_____
Christopher C. Spencer
Direct Dial: 804.285.5220
cspencer@spencerllp.com
Elizabeth Kinland Shoenfeld
Direct Dial: 804.285.5223
eshoenfeld@spencerllp.com
Martin C. Boyle
Direct Dial: 804.285.5229
mboyle@spencerllp.com
Spencer LLP
6806 Paragon Place, Suite 200
Richmond, VA  23230

5

Telephone: 804.285.5200
Facsimile: 804.285.5210

John R. Trigg (CO Bar #833)
Theresa R. Wardon (CO Bar #41510)
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, CO 80202-2817
Telephone: 303.244.1800
Facsimile: 303.244.1879
trigg@wtotrial.com
wardon@wtotrial.com


CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Andrew B. Clauss
Christopher W. Brophy
Brophy Clauss, LLC
1700 East Arapahoe Road
Suite 312
Centennial, CO 80112
Tel.: 303-495-3171
Fax: 719-423-7342
aclauss@rockieslegal.com
cbrophy@rockieslegal.com

C. Tab Turner
Jerry M. White
Turner & Associates, P.A.
4705 Somers Avenue, # 100
North Little Rock, AR 72116
Tel.: 501-791-2277
Fax: 501-791-1251
tab@tturner.com
jerry@tturner.com

6

/s/ Elizabeth K. Shoenfeld

_____

Case No. 1:11-cv-03349-REB-MEH   Document 64   filed 03/07/13   USDC Colorado
pg 7 of 7

7